**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIL MCKINNEY,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND & STEVEN DETTELBACH,<br><br>Defendants. | No. 25cv2210 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Jamil McKinney brings this action challenging the constitutionality of 18 U.S.C. § 922(g)(1). D.E. 1 ("Complaint" or "Compl."). Plaintiff seeks to proceed *in forma pauperis*. D.E. 1-2 ("IFP Application"). Because Plaintiff's IFP Application lacks sufficient detail, the Court will **DENY** his IFP Application.

**I.   BACKGROUND**

In 2019, Plaintiff committed an assault using a weapon and was convicted of a violent felony. Compl. ¶ 10. Since being convicted, Plaintiff avers that he has successfully rehabilitated himself and has become a law abiding citizen who poses no danger to the community. *Id.* ¶ 7. Plaintiff alleges that the lifetime ban imposed by 18 U.S.C. § 922(g)(1) violates his Second Amendment right to keep and bear arms and his Fifth Amendment right to due process. *Id.* ¶ 2.

**II.   LEGAL STANDARD**

Under 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application and "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). While

Section 1915 refers to "prisoners," federal courts apply Section 1915 to non-prisoner IFP applications as well. *See Hickson v. Mauro*, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (collecting cases).

To establish such need, a litigant must file in good faith an affidavit stating, among other things, that he or she is unable to pay the costs of the lawsuit. Failure to submit a completed financial affidavit renders an IFP application incomplete. *Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024) (citing *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011)). A court's decision to grant or deny an IFP application is within its sound discretion. S*ee Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (citing *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985)).

### III.    ANALYSIS

In lieu of completing the standard IFP application form available on the Court's website, Plaintiff submitted a four paragraph Statement of Indigency. IFP Application. With respect to current income, Plaintiff states he is "unemployed/earns minimal income, *e.g.*, receiving government assistance, unemployed, or earning below poverty level." *Id.* ¶ 1. Next, Plaintiff states he has "**no significant assets**" and is $20,000 in debt. *Id.* ¶ 2. Plaintiff provides no information concerning his expenses. *See id.*

A litigant's financial affidavit must "include[] a statement of *all* assets such [litigant] possesses." 28 U.S.C. § 1915(a)(1) (emphasis added). Plaintiff's application indicates he has some assets and debts, but he does not provide specifics. Therefore, the Court cannot properly determine Plaintiff's financial status and whether he is eligible to proceed IFP. *See Sinwell v. Shapp,* 536 F.2d 15, 19 n.14 (3d Cir.1976) (district court must pass on sufficiency of affidavit of poverty). Because Plaintiff has not provided the necessary information to determine his financial

eligibility, the Court will **DENY** *without prejudice* his IFP Application. *See Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011). Plaintiff will be given **30 days** to file more complete IFP application,[1] which the Court can use to determine if he is eligible to proceed IFP. Accordingly,

**IT IS** on this **22ⁿᵈ** day of April 2025, for the forgoing reasons,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-2, is **DENIED** *without prejudice*; and it is further

**ORDERED** the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action; and it is further

**ORDERED** that if Plaintiff wishes to proceed IFP, he must, within **30 days** of this Order, submit a financial affidavit using Form AO 239, also available at https://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239, that completely and accurately lists and explains all amounts and information called for by the form; and it is further

**ORDERED** that, alternatively, within **30 days** of this Order, Plaintiff may pay the full $405 filing fee; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order, along with the AO 239 Form, to Plaintiff by regular mail; and it is finally

**ORDERED** that the Clerk of Court shall **REOPEN** this action upon payment of the filing fee or the Court's granting of a subsequent IFP application.

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[1] If Plaintiff chooses to submit a revised IFP application, Plaintiff should provide the Court with additional information concerning his assets, debts, and expenses, so that the Court can adequately assess his ability (or inability) to pay the required filing fee. Plaintiff should use the form provided by the Court.